**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        )<br>                                                  )<br>            Plaintiff,              )<br>                                                  )<br>vs.                                            )<br>                                                  )<br>George Leo Curran,             )<br>                                                  )<br>            Defendant.          )<br>_____)  | No. CR-06-227-PHX-EHC<br><br>**SUMMARY ORDER<br>OF SEALED ORDER**<br><br>**(public order companion to sealed order issued this date)** |

        This matter arises on the Motion of KPNX Broadcasting Company ("KPNX") to Unseal Competency Report and Competency Hearing Transcript. (docket # 25)  The Government has filed a Response advising the Court that is has no objection to KPNX's motion. (docket # 32)  Defendant has filed a Response to the Motion and a Supplemental Response to the Motion.  (docket  # 31, # 35)  Defendant has also filed a Motion to Redact the Sealed Competency Hearing Transcript and a Motion for Extension of Time (docket # 36) and a Motion to Redact Competency Report, filed May 22, 2006.[1]   KPNX filed a reply on May 25, 2006. (docket # 38)  Accordingly, KPNX's Motion to Unseal is ready for consideration.

        This same date, the Court is issuing a sealed order (the "sealed order") ruling on KPNX's motion because the sealed order discusses portions of the Competency Report which

---

[1] In a May 9, 2006 Order, the Court directed Defendant to file, under seal, a copy of the April 28, 2006 competency hearing transcript and a copy of the April 14, 2006 competency report redacted in a manner that would make disclosure acceptable to Defendant. (docket # 26 at 2) In view of the Court's Order, Defendant's two motions to redact will be construed as follows: Proposed Redacted Competency Report and Proposed Redacted Competency Hearing Transcript.

the Court determines should remain under seal. The Court is simultaneously issuing this public order which sets forth the public portions of the otherwise sealed order and summarizes the sealed order.

**I. Background**

Defendant is charged with Hostage Taking in violation of 18 U.S.C. § 1203 and Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). The charges are based on allegations that on February 23, 2006, Defendant entered a hearing room at the National Labor Relations Board ("NLRB") in Phoenix, Arizona and took nine individuals hostage. At approximately 10:23 p.m. on February 23, 2006, Defendant surrendered to the FBI and turned over two handguns and a folding lock-blade knife.

Defendant Curran appeared before the undersigned. Based on the available information, pursuant to 18 U.S.C. § 4241, the undersigned referred Defendant to the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri for a psychiatric or psychological evaluation to determine whether Defendant suffers from a mental disease or defect that would render him incompetent to the extent that he is unable to understand the nature of the proceedings against him or assist properly in his defense. (docket # 5) On April 14, 2006, USMCFP issued a competency report.

On April 27, 2006, Defendant filed a Motion to Seal the Competency Report and Hearing. (docket # 12) The Court granted that motion and ordered that the April 28, 2006 competency hearing and the competency report were sealed. (docket # 21) The Court specifically "grant[ed] leave for the media/press to file a written motion to unseal the report and/or transcript of the proceedings . . . ." (April 28, 2006 Minute Entry at 1) Thereafter, KPNX moved to unseal the transcript of the April 28, 2006 competency hearing and the competency report. The Court will consider that motion below.

**II. Discussion**

On April 28, 2006, the Court held a status hearing regarding Defendant's competency hearing. At the outset of that hearing, the Court considered Defendant's Motion to Seal the Competency Hearing and Report. Before the Court ordered the proceeding sealed,

- 2 -

Defendant personally objected to the closure of the hearing. (document # 25, Exh. G, Tr. 4/28/06 at 9)  As previously discussed, the Court granted the motion to seal based on defense counsel's written motion and the absence of any objection from the Government.  Counsel for Defendant now advises the Court that Defendant's expression of "his desire to have his report provided to the media as well as to allow them to remain during discussions that were subsequently sealed . . . appears to be an express waiver of medical privilege." (document # 31 at 1)  Thus, defense counsel states that Defendant's "express waiver in court and recent waiver (after reviewing the report) would appear to settle matter."  (Id.)

Defense counsel concedes that Defendant has waived his medical privilege[2] regarding the competency report and transcript of the competency hearing, and that he has no objection to the unsealing of the report and hearing transcript, as redacted by Defendant. (docket # 31)  Defendant has filed, under seal, a redacted competency hearing transcript and a redacted competency report.  Defendant does not object to the unsealing of the transcript and competency report provided that the requested portions are redacted.  The Court will discuss whether ordering the transcript and the competency report unsealed, subject to Defendant's proposed redactions, is a reasonable alternative to the continued closure of the competency hearing transcript and competency report.

**A. First Amendment**

The press and public have a First Amendment right to access criminal trials. Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980).  However, there is no right of access that attaches to all judicial proceedings, including criminal proceedings. Times Mirror Co. v. United States, 873 F.2d 1210, 1217 (9th Cir. 1989).  Although the court begins with a presumed right of access to court proceedings, the Supreme Court has articulated a two-part test, the "experience and logic" test, for determining whether a right of access attaches to a particular

---

[2] This assumes, of course, that an incompetent adult has the legal capacity to lawfully waive his or her medical privilege. This issue has not been addressed by counsel.

- 3 -

kind of hearing. <u>Press-Enterprise Co. v. Superior Court of California (Press-Enterprise II)</u>, 478 U.S. 1 (1986).

As this Court previously found, under the "experience and logic test", the First Amendment right of access to criminal proceedings extends to mental competency hearings. (document # 21 at 6)  The qualified First Amendment right of access to competency hearings can be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Press-Enterprise II</u>, 478 U.S. at 8-10.  If a defendant asserts his right to a fair trial the court shall close the proceeding only if it makes specific findings that: (1) there is a substantial probability that defendant's right to a fair trial will be prejudiced by publicity that closure could prevent; and (2) reasonable alternatives to closure cannot protect defendant's right to a fair trial. <u>Press-Enterprise II</u>, 478 U.S. at 14.   This test applies to both court proceedings and documents.  <u>Oregonian Publishing Co. v. United States Dist. Ct.</u>, 920 F.2d 1462, 1465 (9th Cir. 1990)(stating that "[u]nder the First Amendment, the press and public have a presumed right of access to court proceedings and documents.").

In its May 2, 2006 Order sealing the competency hearing and report, the Court found it significant that no reasonable alternatives to closure had been offered that would protect Defendant's right to a fair trial and privacy. (docket # 21 at 8)  In view of Defendant's proposed redacted competency hearing transcript and proposed redacted competency report, the Court now has before it reasonable alternatives to closure.

### B. Proposed Redactions

Defendant has proposed several redactions to the transcript and competency report. Defendant claims that the matters which he proposes should be redacted should remain sealed to protect third parties, and to protect disclosure of Defendant's private matters that are irrelevant to the competency determination. After consideration of the proposed redactions, the Court has found that several of the proposed redacted portions should be disclosed in accordance with the public's First Amendment Right of access to criminal proceedings.   The Court's sealed order provides a more thorough discussion of the proposed redactions and the

Court's determination of which portions of the competency report and competency hearing transcript should remain under seal. Because the competency report and transcript are currently under seal, and because Defendant may object to the Court's ruling on KPNX's Motion to Unseal, the Court will not discuss the proposed redacted portions or other details of the sealed proceedings in this public order. The Court, however, notes that it has determined that several "private" matters that did not contribute to the competency determination should remain under seal. United States v. Kaczynski, 154 F.3d 930 (9th Cir. 1998).

**III.  Timing of Disclosure**

The sealed order also includes the following discussion of the timing of disclosure which the Court reiterates in this public order. In his Supplemental Response, Defendant claims that the competency report and hearing transcript should not be unsealed until "the decision of guilt has been made." Defendant cites Local Rule of Criminal Procedure 57.2 in support of that argument. Local Rule 57.2 prohibits lawyers associated with criminal cases from making extrajudicial statements about a defendant. It does not abrogate the public's First Amendment right of access to competency proceedings and does not dictate that the competency materials should remain sealed until after trial concludes in this matter. Local Rule of Criminal Procedure 57.2(g) recognizes that the district court may close pretrial proceedings in certain circumstances. However, again, it does not dictate that the Court must delay in unsealing matters that are suitable for disclosure under the First Amendment.

## SUMMARY

In conclusion, in the sealed order the Court granted KPNX's Motion to Unseal subject to the redactions approved in the sealed order issued this same day. The Court has also directed the Clerk of Court to modify the docket in this case to reflect that Defendant's Motion to Redact the Sealed Competency Hearing Transcript, filed May 23, 2006, be identified as "Defendant's Proposed Redacted Competency Hearing Transcript." The Court also directed the Clerk of Court to modify the docket in this case to reflect that Defendant's Motion to Redact Competency Report, filed May 22, 2006, be identified as "Defendant's Proposed Redacted

Competency Report."  The Court further found that Defendant's Motion for Extension of Time to submit transcript under seal is moot.

Accordingly,

**In Accordance with the Sealed Order Issued this Day,**

**IT IS ORDERED** that the Motion of KPNX Broadcasting Company ("KPNX") to Unseal Competency Report and Competency Hearing Transcript (docket # 25) is **GRANTED** in part and **DENIED** in part. Unless stayed by the assigned District Judge, the Court hereby orders that the entire Competency Hearing Transcript (docket # 28) and the subject redacted Competency Report (attached to today's sealed order) shall be unsealed.

**IT IS FURTHER ORDERED** that, unless stayed by the assigned District Judge prior thereto, the Clerk shall, on **June 15, 2006**, file the Competency Hearing Transcript (docket # 28) and the redacted Competency Report (with a separate docket #) attached to today's sealed order herein as a public document and may thereafter release them to the public, including the media or press, upon proper request.

**IT IS FURTHER ORDERED** that the parties shall have **ten days (10)** from the date of service of a copy of this order within which to file specific written objections with the assigned District Judge.  Fed.R.Crim.P. 59(a).   Failure to file objections in accordance with Rule 59(a) will waive the right to review.  Fed.R.Crim.P. 59(a).

**IT IS FURTHER ORDERED** that Defendant's Motion To File Under Seal (docket # 39) is **DENIED** as moot and the original thereof, and all attachments thereto, shall be returned to defense counsel by the Clerk.

DATED this 2nd of June, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge